481 So.2d 55 (1985)
Earlene BURT, Ruby Gray, William Gresham, Maureen Malloy, Keith Zent and Duval Teachers United, FEA/United, AFT, AFL-CIO, Local No. 3326, Appellants,
v.
DUVAL COUNTY SCHOOL BOARD, Appellee.
No. BD-315.
District Court of Appeal of Florida, First District.
December 23, 1985.
*56 David A. Hertz, Jacksonville, for appellants.
Roger J. Waybright, Jacksonville, for appellee.
WENTWORTH, Judge.
Appellants, Duval County School Teachers [Teachers], seek review of a final judgment by which an arbitration award in their favor was vacated on grounds that the arbitrator "never had jurisdiction," and "[s]ince the respondent [Board] never submitted any of the issues to arbitration, the ninety-day rule for contesting an arbitrator's award in Sections 682.13 and 682.14, Florida Statutes, is not applicable... ." We reverse the judgment because the court erred in holding that the Board's refusal to submit to arbitration, which had been properly initiated in accord with contract, rendered the statute inapplicable.
The appellee Board cites no pertinent authority for the court's blanket ruling that the Board "is free to raise ... the defense made available to it in Section 682.13(1)(e),"[1] because the teachers "did submit their claims to arbitration, but the ... Board consistently declined to do so." The sole case reference is Meade v. Lumbermens Mutual Casualty Co., 423 So.2d 908 (Fla. 1982). Meade holds only that, where both contracting "parties submitted [solely] the damage issue to arbitration," the lapse of the statutory appeal time did not foreclose the insuror's application of a separate policy limits clause to the award, because the parties had mutually limited the issue in arbitration so as to leave policy limits unaffected. The conclusion there, that the statutory limitations period protects only an award on issues properly submitted to arbitration, has no bearing on the right of one party to "decline" arbitration and thereafter disregard the statutory time limits on challenge of an award on a submitted issue. In the present case the terms of the statute itself, under which the Board asserted its single challenge to the award, require reversal because the Board concededly did not comply with the condition on which the right to relief is explicitly conditioned, i.e., "[a]n application under this section shall be made within 90 days *57 after delivery of a copy of the award to the applicant."
The appellant Teachers' alternative argument, assuming the Board may invoke the statute beyond its prescribed time limits, is that the court erred in finding, in the statutory terms, that "there was no agreement or provision for arbitration subject to this law." Resolution of that issue requires delineation of the terms of the contract between the parties and events preceding the arbitration award. However, our consideration like that of the trial court does not extend to the merits of the Teachers' position on the claim in issue, because the controlling statutory provisions clearly contemplate that "arbitration shall not be refused on the ground that the claim in issue lacks merit or bona fides or because any fault or grounds for the claim sought to be arbitrated have not been shown." § 682.03(5), Florida Statutes.
The dispute in this case was initiated sometime in 1982 by certain teachers' claims that the School Board had violated its own policies and past practice by not providing them with notice of their responsibility to verify prior experience so as to receive higher placement on the contract salary schedule, with a corresponding higher salary entitlement under the contract terms. The contract in effect between the parties at this time was for the period July 1, 1982, through June 30, 1984, but it incorporated a salary schedule on which teachers' placements were carried over from earlier schedules. The order of the trial court now appealed is one denying a July 25, 1984, petition under § 682.12, Florida Statutes, for confirmation of the arbitration award of January 16, 1984. The award had found merit in the teachers' claim of permanent economic damage from their lack of notice, from the resulting delay in proper salary schedule placement under the contract, and from the Board's refusal to fully correct this omission by according them a current salary status free from the impact of misclassification since date of hire.[2] The court's order rejected the award by simply finding that "any claim for pay for experience gained before July 1, 1982, is outside the scope of that [current] contract." We reject the Board's arguments on the merits of that determination, as well as the contention, above discussed, that such a statutory defense was timely.
A conclusion that the dispute constituted a grievance under the contract is supported by consideration of the contract provisions, by one of which the Board agreed that "a teacher will be placed in column B, C, D, E as appropriate based on ... years of experience. ..."[3] Classification of the dispute as a grievance under the controlling contract is also supported by the conduct of both Board and Teachers in following contract grievance procedures until arbitration was invoked under Art. VII of the contract, providing:
Grievance is defined as a dispute between employer and employee involving the interpretation [or] application of this collective bargaining agreement, and shall systematically follow the four (4) step grievance procedure as outlined herein... .

*58 The Grievant may, within 10 working days after receipt of the written decision of the School Board, file a request with the School Board for a final and binding disposition by an impartial neutral, mutually selected by the parties; provided, however, that an arbitrator or other neutral shall not have the power to add to, subtract from, modify or alter the terms of the bargaining agreement.
The definition of "grievance" in the contract is the same for steps 1, 2, and 3 as for step 4. The matter was treated as a grievance concerning interpretation of the contract until it reached the fourth step involving arbitration.
We conclude that the issue was arbitrable under the contract, but the Board, having failed to comply with the 90-day provisions in §§ 682.13 and 682.14, may not, in any event, challenge the arbitrator's jurisdiction on that basis in the proceeding for confirmation. The judgment is accordingly reversed and the cause is remanded for action consistent with this opinion.
ERVIN, J., concurs.
ZEHMER, J., dissents.
NOTES
[1] 682.13 Vacating an award. 

(1) Upon application of a party, the court shall vacate an award when:
.....
(e) There was no agreement or provision for arbitration subject to this law, ...
But the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.
(2) An application under this section shall be made within 90 days after delivery of a copy of the award to the applicant ... (e.s.)
[2] The arbitration award was based on a preliminary determination of an arbitrable issue which stated: "It should be made clear that the grievance determination should be clearly separated from the remedy... . If the arbitrator finds for the grievants, there could be many forms of a remedy or remedies other than retroactive pay."
[3] Preceding arbitration the Board did not contend notice had in fact been given, but asserted generally that past practice was to advise new teachers during interview, and to place a handbook in each school center, in which book there appeared notice that "[i]t is the teacher's responsibility to have former employers send ... written proof of experience claimed... ." The arbitrator's order notes that a newly negotiated contract expressly states the teacher's duty and the Board's duty to notify teachers of that duty. The arbitrator found unacceptable the Board's reliance on school center booklets not otherwise communicated to teachers. Information as to former employers was apparently routinely supplied by teachers on application forms, but they did not dispute the Board's right to require verification  contending only that notice of that requirement was indispensable under the general contract terms vesting in them a right to placement based on experience, and omitting any reference to verification procedures.