PER CURIAM.
Wen Chang, Arnold Goldman, and Aaron Goldman formed RCD Structures, Inc., with each acquiring one share of par value stock. This action commenced eight years later in the circuit court on Wen Chang’s complaint for an accounting, to set aside the improper issuance of stock by Arnold and Aaron Goldman, and monetary compensation for the alleged dilution of his shareholder interest. Later the parties agreed to binding arbitration.
After a hearing, the arbitrators found, among other things, that the Goldmans had issued new and additional shares to themselves without notice to Chang and as a result had diluted his interest in the corporation. By the arbitration award, Chang’s beneficial interest was restored to 33½% “with a value of ... ($28,245.00), plus interest calculated through December 31, 1990 ... for a total valuation of ... ($60,-445.00).” The trial court requested the arbitrators to clarify “whether [they] intended to enter a damage award, and if so, against which parties_” The arbitrators responded: a) they did not intend to enter a damage award, and b) they had computed only the value of Chang’s inter *31 est in the capital stock as of June 30, 1980. Nevertheless, the trial court entered a judgment awarding the plaintiff $64,552.30 including prejudgment interest, from which this appeal is brought. We reverse.
Where the arbitration panel responded to the trial court that it intended only to fix the plaintiff’s percentage of ownership in the small corporation, but did not intend to award damages, the trial court was without power, authority, or jurisdiction to enter an award of damages. See Fraternal Order of Police v. City of Miami, 598 So.2d 89 (Fla. 3d DCA 1992) (court will never undertake to substitute its judgment for that of the arbitrators).
Reversed and remanded with instructions to enter a judgment in accordance with the arbitration award.