883 So.2d 352 (2004)
Cinda SCHULBERG, Appellant,
v.
Marc SCHULBERG, Appellee.
Nos. 03-1009, 03-519.
District Court of Appeal of Florida, Third District.
September 22, 2004.
*353 Fred M. Dellapa; Karen J. Haas, Miami, for appellant.
Chantale L. Suttle and Tammi A. Clearfield, Miami, for appellee.
Before COPE, GODERICH and SHEPHERD, JJ.
PER CURIAM.
Cinda Schulberg appeals an order which granted a downward modification of child support and enforced an arbitration agreement. She also appeals an order denying her motion for relief from judgment. We affirm.[1]

I.
Ms. Schulberg, the former wife, and appellee Marc Schulberg, the former husband, divorced in 1996. There are three children of the marriage. There was a marital settlement agreement which provided for $2,500 per month in child support.[2]
The former husband moved for modification, which was tried by the court in 2003. The former husband's evidence was that he had been the part owner of an Army/Navy Surplus store where the business had progressively declined, necessitating the sale of his half-ownership interest in the store. The former husband testified that he had diligently searched for work and had located employment in Philadelphia, although at lower pay than he had previously earned.
The former wife contended that the former husband had received more money for his share of the business than he had disclosed, that his search for employment had not been diligent, and that he was voluntarily underemployed.
The trial court found in favor of the former husband. The decline of the business income was reflected in the tax returns and other evidence. The business could no longer provide enough income to support both partners and it was necessary for one partner to buy out the other. The court found that the buyout was done for legitimate business reasons and was reasonable under the circumstances. We conclude that the evidence was legally sufficient to support the trial court's order.
The court also rejected the former wife's claim that the former husband was voluntarily underemployed. The former husband testified that he had taken a job as a manager of a furniture business in Philadelphia. His income was higher than his final year at the Army/Navy store, but lower than it had been during prior years in that business. The court pointed out that the former wife had not offered any *354 competent evidence that the former husband realistically could have obtained a higher-paying job in the retail field. The former wife's main contention appears to have been that the Army/Navy business was doing well and the former husband should not have sold outa claim that court rejected as not being supported by the evidence. We conclude that the court employed the correct legal standard and its findings are supported by the evidence. See Pimm v. Pimm, 601 So.2d 534, 536 (Fla.1992). The credibility determinations were for the trial court. See Cole v. Cole, 723 So.2d 925, 927 (Fla. 3d DCA 1999). The relief fashioned by the court was within its discretion. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
A month after the entry of the modification order, the former wife filed a motion for relief from judgment, asserting the existence of newly discovered evidence. After an evidentiary hearing, the trial court denied the motion.
The former wife contends that there should have been discovery and a more extensive evidentiary hearing. However, as we understand it, it was the former wife who set the motion for relief from judgment for an evidentiary hearing. The former wife did not move to continue the hearing. The request for more discovery was not raised until midway through the hearing, after it became apparent that the trial court was intending to deny the motion. Further, the former husband had brought to the hearing the two lawyers who had handled the sale of the business, who were made available for testimony. However, the former wife opted not to call them as witnesses. Under the circumstances, we find no error in the denial of relief.

II.
The former wife raises a claim of fundamental error with regard to that part of the trial court order which enforces the parties' arbitration agreement. Although the wife successfully requested enforcement in the trial court, she states that during the pendency of this appeal, it has come to her attention that the arbitration clause may violate Florida law.
The parties' marital settlement agreement included an arbitration clause to be invoked in the event that the parties could not agree about whether the children should attend private school. The arbitration clause states:
3. The parties shall take the sum of $10,000.00 from their joint monies to pay the children's private school tuition for the remainder of this year. Next year, the Husband will pay the entire school year expenses in the amount of approximately $15,000.00. For the 1998 school year, the parties will agree whether or not private school is necessary. If they cannot agree, they will go to arbitration. In the event that the arbitrator finds a need for private school for the children, the Husband shall pay 60% of the expenses for private school and the Wife shall pay 40% of said expenses.
The 1996 final judgment of dissolution of marriage approved the marital settlement agreement. With regard to the arbitration clause, the court added that "the parties will make a determination as to private school no later than July 1 of each year. If they are unable to agree, arbitration must be concluded and a binding arbitration decision rendered no later than August 1 of each year."
In 2002 the former wife requested enforcement of the arbitration clause. She alleged that for the 1998 school year, the former husband refused to pay for private tuition. She stated that one of the children continued in private school paid for by the former wife while the other two children did not.
*355 The former wife requested that the arbitration clause be enforced and that the parties' dispute be sent to an arbitrator for decision of two issues: (1) For the coming school year, should the children attend private school? (It was the former wife's position that all three should attend private school.) (2) Should the former husband reimburse the former wife for 60% of the cost of the ninth and tenth grade private school for the one child who had continued in private school at the former wife's expense?
The trial court granted the former wife's request, stating that "the parties shall attempt to agree on the issue of private schooling for the children. If they cannot agree, they shall submit to binding arbitration on that issue which must be concluded and a decision rendered on or before August 1 each year, commencing with 2003."
On this appeal, the former wife argues in substance that the enforcement order is fundamental error. She states that it has come to her attention that there is a statutory prohibition on arbitration of child support. She points to section 44.104, Florida Statutes (2003), which addresses voluntary binding arbitration. Subsection 44.104(14) provides, "This section [44.104] shall not apply to any dispute involving child custody, visitation, or child support...." The former wife reasons that tuition is a form of child support. See Montante v. Montante, 627 So.2d 554, 556 (Fla. 4th DCA 1993). She argues that under subsection 44.104(14), the parties' arbitration clause is unenforceable.
We conclude that there is no fundamental error here. We reject the former wife's analysis.
Although not addressed by the parties, we have considerable doubt that section 44.104, Florida Statutes, applies to the parties' arbitration clause. Subsection 44.104(1) states, "Two or more opposing parties who are involved in a civil dispute may agree in writing to submit the controversy to voluntary binding arbitration ... in lieu of litigation of the issues involved, prior to or after a lawsuit has been filed, provided no constitutional issue is involved." As we read this language, it applies to an existing dispute.
The parties' arbitration clause, by contrast, was entered into in 1996 to govern possible future disputes about private schooling which might arise in 1998 or thereafter. It appears that the parties' arbitration clause is outside of the scope of section 44.104.[3]
Assuming for purposes of discussion that section 44.104 applies to the parties' arbitration clause, the question is whether the parties' arbitration clause is one which applies "to any dispute involving ... child support...." We do not think so.
Under the parties' agreement, the issue to be decided by the arbitrator is whether there is a need for private school for one or more of the children. This is a determination based on educational need. If the arbitrator rules in favor of private school, the parties have already decided between themselves how to divide the cost, which will be born 60% by the former husband and 40% by the former wife. If private school is ordered and either party fails to pay the required share, then the aggrieved party must apply to the trial court for enforcement.
*356 The former wife has also requested a determination by the arbitrator that private school was necessary for the ninth grade and tenth grade year for the one child who stayed in private school. Again, as we understand the parties' agreement, the issue for the arbitrator is whether private school was necessary for this child from the standpoint of educational need for the ninth and tenth grade year. If the answer is no, then the former husband will owe nothing for the ninth and tenth grade years. If the arbitrator's answer is yes, then the former husband will owe 60% of the tuition cost, as the parties have already decided between themselves how to allocate the cost. If the former husband fails to pay, enforcement is for the court.
Assuming arguendo that section 44.104 is applicable here, the parties' arbitration agreement is consistent with, and not prohibited by, subsection 44.104(14). The issue reserved for the arbitrator is the question of educational need. The parties have already decided how the expense is to be paid in the event that educational need is found. We therefore affirm the order enforcing the arbitration clause.
We affirm with respect to the remainder of the points on appeal, and the cross-appeal, without further comment.
Affirmed.[4]
NOTES
[1] We note that the modification order provided for retention of jurisdiction to recalculate the father's child support obligation based on his current income and the majority of one of the children in June 2004.
[2] The former wife also received the marital home free and clear and $140,000 in lump sum alimony.
[3] The arbitration clause appears to fall within the scope of the Florida Arbitration Code. See § 682.02, Fla. Stat. (2003) ("Two or more parties ... may include in a written contract a provision for the settlement by arbitration of any controversy thereafter arising between them relating to such contract or the failure or refusal to perform the whole or any part thereof.") (Emphasis added).
[4] We suggest that the Legislature revisit section 44.104, Florida Statutes, from two standpoints. First, as presently written, subsection 44.104(14) indicates, "This section [44.104] shall not apply to any dispute involving child custody, visitation, or child support...." While this language would preclude the use of section 44.104 for such a dispute, it leaves open the question whether an arbitration clause excluded from 44.104 might nonetheless be enforceable under chapter 682, Florida Statutes.

Second, while section 44.104 and chapter 682 are similar, there are some differences. It appears that some arbitration agreements may be subject to both statutes. Compare § 44.104(1), Florida Statutes, with id. § 682.02; see also id. § 718.401(1)(f). If so, the statute should be clarified to specify which statute controls in the event of a conflict.