COPE, J.
 

 This is an appeal of an order which determines that the parties are not entitled to arbitrate their post-judgment dispute in a matrimonial action. We conclude that the trial court correctly interpreted this court’s opinion
 
 Toiberman v. Tisera,
 
 998 So.2d 4 (Fla. 3d DCA 2008).
 

 During the suit for dissolution of marriage, the appellant husband and appellee wife settled their differences. One agree
 
 *962
 
 ment, which was dictated into the record, resolved all of the parties’ issues regarding child custody and visitation (the “Children’s Agreement”). The other agreement addressed the parties’ financial issues (the “Assets Agreement”). The Assets Agreement was not filed in the public record and the attorneys and parties are the custodians of that agreement. There is no alimony or child support to be paid by either party.
 

 The parties also agreed that in the event of any future disputes regarding the Children’s Agreement or the Assets Agreement, the dispute would be resolved by arbitration. In 2008, the trial court entered a final judgment for dissolution of marriage which incorporated the foregoing agreements and reserved jurisdiction for enforcement purposes.
 

 Disputes thereafter arose between the parties regarding financial issues only. The parties initiated the arbitration process and a five-day arbitration was scheduled in order to address financial issues.
 

 Before the arbitration could commence, this court issued its opinion in
 
 Toiberman.
 
 That case interpreted section 44.104, Florida Statutes (2006), as excluding from arbitration “all lawsuits that involve issues of child custody, visitation, or child support.” 998 So.2d at 7.
 

 The former wife filed a motion requesting that the trial court resume jurisdiction and decide the merits of the parties’ dispute. The former wife contended that under
 
 Toiberman,
 
 the arbitration clause in the parties’ marital settlement agreement is not enforceable. The former husband argued that the present case is not governed by
 
 Toiberman
 
 because the matter is now in post-judgment proceedings and because the only dispute involves financial issues. The trial court agreed with the wife and ruled that the arbitration clause was not enforceable. The husband has appealed.
 

 The
 
 Toiberman
 
 decision held that:
 

 the term “dispute” in section 44.104(1) and (14), Florida Statutes (2006), was intended by the legislature to reference the complete action between the parties, as opposed to the “issues involved” in the dispute. Thus, by specifying that section 44.104 “shall not apply to any dispute involving child custody, visitation, or child support,” the legislature intended to exclude from arbitration all lawsuits that involve issues of child custody, visitation, or child support.
 

 Id.
 
 at 7. The underlying logic of
 
 Toiber-man
 
 is that a decision on the financial issues in a matrimonial case can affect the ability of one or both parties to comply with the provisions governing child custody, visitation or (where applicable) child support. The logic applies equally to the initial dissolution proceedings and post-judgment proceedings. We conclude that the trial court correctly interpreted the
 
 Toiberman
 
 decision.
 

 The former husband argues alternatively that if the arbitration clause is not enforceable, then the marital settlement agreement should be set aside. He argues that the arbitration provision, and in particular, its confidentiality, was at the heart of the Assets Agreement. He contends that if the arbitration provision fails, the entire agreement fails. We decline to reach that argument because it was not raised by any appropriate motion or pleading in the trial court. This court’s ruling is without prejudice to the former husband to raise the issue in the trial court. This court expresses no opinion on the merits of any such claim, if raised.
 

 Affirmed.