COPE, Judge.
The Florida Department of Health and Rehabilitative Services appeals an order by the Florida Public Employee Relations Commission (PERC) ordering the reinstatement of appellee Susana Muniz. We affirm in part and reverse in part.
Muniz was dismissed from the position of clerk typist by her employer, the Department, for absence without authorized leave. The employee, who had permanent status in the career service system, appealed the disciplinary action to PERC. See §§ 110.-227, 447.207-.208, Fla.Stat. (1989). After a hearing before an administrative hearing officer, PERC ruled that the Department had good cause to take disciplinary action against the employee, but found that under the version of the employee handbook introduced into evidence, the disciplinary action of dismissal was not authorized. PERC directed that the dismissal be reduced to a suspension, the maximum penalty permissible under the version of the employee handbook which was in evidence.
The Department first contends that PERC abused its discretion by refusing to remand the matter to the hearing officer with directions to reopen the record. The Department sought a reopening of the record in order to allow introduction of the current version of the employee handbook into evidence. According to the Department, that version of the handbook authorized the dismissal. The Department’s request to reopen the record was made after the hearing officer had rendered his recommended order. The request to reopen was addressed to the sound discretion of the agency, and in our view, PERC had the discretion to refuse at that stage of the proceedings.
The Department next contends that PERC erred in the remedy it prescribed. PERC ordered that the employee be returned to the identical position which she held prior to the termination. The Department argues that it has a number of clerk typist positions within the same geographic area. After the employee’s dismissal, a new employee was hired as a replacement *888 for Ms. Muniz. During the pendency of the proceedings, the replacement employee attained permanent status. The Department acknowledges that Ms. Muniz must be returned to a clerk typist position and must be reinstated as an employee on permanent status, with the same pay and benefits she enjoyed prior to her termination. The Department argues, however, that PERC abused its discretion in refusing to allow the Department to place Ms. Muniz in a vacant clerk typist position and directing instead that Ms. Muniz oust her successor.
We conclude that the Department’s point is well taken. Under the State Personnel Rules and Regulations, an employee with permanent status enjoys a number of rights within the career service system. See, e.g., § 110.227, Fla.Stat. (1989); Fla.Admin.Code Rule 22A-7.010(7). A career service employee does not, however, have vested rights to a particular position. Thus, under the personnel rules, an agency may reassign an employee — including an employee with permanent status — by moving the employee “from a position in one class to a different position in the same class or any different class having the same degree of responsibility and the same salary range maximum.” Fla.Admin.Code Rule 22A-7.008(1), (5). See generally Fla.Admin.Code ch. 22A-1 (classification plan). In other words, a state agency has the authority to reassign an employee from one clerk typist position to another clerk typist position on an administrative basis. So long as the reassignment is done in accordance with the State Personnel Rules and Regulations, and so long as it is within the geographic limitations prescribed by Rule 22A-7.009 (transfers), it is within the agency’s administrative discretion.
In the present case it is plain that the Department must reassign either Ms. Mun-iz or her replacement, since the position formerly occupied by Ms. Muniz is now filled by another permanent employee. Regardless of which employee is reassigned, each employee will occupy a clerk typist position and each will have bona fide responsibilities commensurate with the job. Ms. Muniz is entitled to be returned to employment at the Department in permanent status, but we are unable to see why the Department should not have the same authority to reassign Ms. Muniz as would be true with respect to any other career service employee.[1]
In ruling on this aspect of the reinstatement issue, PERC acknowledged that it had not previously addressed this question. PERC did not analyze the issue in terms of the state personnel rules and regulations, but instead treated as persuasive several decisions involving the Federal Merit Systems Protection Board.[2] We have considered the federal authorities but are not persuaded thereby. We therefore reverse the order of PERC insofar as it precludes the use of the reassignment rule, Fla.Admin.Code Rule 22A-7.008, with respect to Ms. Muniz.[3]
*889 The Department’s final point on appeal is a claim of error with respect to the issue of back pay. We conclude that no reversible error has been shown on that issue.
Affirmed in part and reversed in part.

. PERC’s proposed remedy of reinstatement to the identical position leaves unanswered the question at what point thereafter Ms. Muniz would become subject to the reassignment provision of the personnel rules. As already stated, a state agency has administrative latitude to reassign employees within the same or comparable classes. PERC offers no clear demarcation of the point at which Ms. Muniz would be treated identically with other career service employees for purposes of the reassignment rule. Under the approach we take, at the point of reinstatement the reinstated employee becomes subject to the personnel rules and regulations in the same way as would any other career service employee.

. Essentially, in the federal civil service system an order of reinstatement is treated as requiring reinstatement to the identical position, absent a showing of exceptional circumstances. See Kerr v. National Endowment for the Arts, 726 F.2d 730 (Fed.Cir.1984); Williams v. Department of Health & Human Services, 32 M.S.P.R. 259 (Merit Systems Protection Bd. 1987); Mann v. Veterans Administration, 29 M.S.P.R. 271 (Merit Systems Protection Bd. 1985); Smith v. Department of Justice, 28 M.S.P.R. 696 (Merit Systems Protection Bd. 1985).

.In the course of its opinion PERC also commented that where an agency hires a replacement for a discharged employee prior to resolution of the discharged employee’s appeal, "we presume the agency will retain that employee in probationary status pending the final resolution of the appeal." Slip Op. at 4 (citing Florida Dep’t of Transp. v. Albaugh, 15 Pub. Employee *889 Rep. (Fla. ed.) para. 20506 (Fla.Pub. Employees Relations Comm'n 1988)). While we do not now need to decide the point, it does not appear that the probationary period can be extended unless the probationary employee’s performance is below satisfactory. See Fla.Admin.Code Rule 22A-7.004(1), (2). It is conceivable that the same effect could be achieved if the replacement employee is appointed other than in probationary status. See id. Rule 22A-7.004(3). For purposes of this analysis we assume the correctness of the Department’s assertion that the replacement worker, like Ms. Muniz, has earned career service status.