629 So.2d 282 (1993)
Daniel R. MOYA, Appellant,
v.
BOARD OF REGENTS, STATE UNIVERSITY SYSTEM OF FLORIDA, Appellee.
No. 93-1381.
District Court of Appeal of Florida, Fifth District.
December 17, 1993.
*283 Ronald R. Howell, Orlando, for appellant.
Ashmun Brown, Gen. Counsel, University of Cent. Florida, Orlando, for appellee.
THOMPSON, Judge.
Daniel R. Moya appeals the trial court's entry of a final judgment denying his motion for an order confirming an arbitrator's award where all of the statutory conditions precedent for confirmation had been met. We reverse.
Moya was a career employee with the University of Central Florida ("UCF"), a university under the jurisdictions of the Board of Regents, State University System of Florida ("BOR"), for 11 years. On 9 January 1992, Moya received a written reprimand from a supervisor concerning his use of intemperate language when dealing with a subcontractor. After he received the letter of reprimand for his behavior at work, Moya authored a letter on 15 January 1992 critical of his supervisor which also contained intemperate language. Moya received a pretermination letter on 23 January 1992. The letter noted that he would be terminated at the end of the business day on 7 February 1992. Moya was terminated from his position as senior accountant on 7 February 1992. Pursuant to Fla. Admin. Code R. 6C-5.710, Moya appealed his dismissal to an arbitrator. He requested backpay, reinstatement, the removal of the written reprimand from his personnel files and all other university records, and attorney's fees and costs.
The arbitrator found in favor of Moya and entered an award. The arbitrator ordered his reinstatement, full backpay less interim earnings, and removal of the written reprimand and any other reference to the disciplinary matters arising from the incident from all his personnel files. Moya was ordered to apologize to his supervisors for his intemperate language and to post a written apology for 30 days in his former work area. The award was entered on 15 June 1992. No motion to vacate, modify or correct the award was ever filed by UCF or BOR.
When Moya returned to work on 26 August 1992, he apologized to his former supervisors and posted an apology in the work place, but he was not assigned to his former duties as senior accountant. Instead, he was assigned to the university police department. His duties there include selling parking decals, operating the cash register, occasionally reconciling cash receipts, opening and logging incoming mail and cutting forms with a paper cutter to the proper size to fit filing cabinet drawers. Moya contends that, although his salary and benefits remained the same, instead of supervising 27 people, he supervises none and his former pay grade of 24 was lowered significantly to that of a cashier supervisor grade of 17.
Moya filed a motion for modification of and order confirming arbitrator's award and for entry of judgment thereon in the circuit court of Orange County, Florida on 11 September 1992.[1] BOR filed a motion to dismiss alleging that Moya had failed to file his motion within 90 days of delivery of a copy of the arbitrator's award as required by Chapter 682 of the Florida Statutes, therefore, the *284 circuit court had no jurisdiction. The trial court entered a final judgment on 19 May 1993 and denied Moya's motion. This timely appeal followed.
The sole issue is whether the trial court has any discretion under section 682.12, Florida Statutes,[2] when an application is made by a party to the circuit court to confirm an arbitrator's award. We hold the trial court does not have any discretion and must confirm the award unless one of the parties seeks to vacate,[3] modify or correct[4] the award within 90 days of delivery of the arbitrator's award, or unless there is an issue presented to the trial court in the motion to confirm which was not submitted to the arbitrator.[5]
In this case, BOR did not seek to vacate, modify or correct the arbitrator's award within 90 days of delivery of the arbitrator's award, even though BOR felt that the arbitrator had no jurisdiction to order that UCF remove the written reprimand from Moya's personnel files. See Meade v. Lumbermens Mutual Casualty Co., 423 So.2d 908 (Fla. 1982). BOR did agree that the arbitrator had jurisdiction to order Moya's reinstatement and backpay. BOR argued that Moya had been reinstated pursuant to the arbitrator's award, although he had been reassigned to a different work station as a senior accountant. BOR argued that the decision where to assign Moya was within the discretion of UCF and BOR. See State of Florida, Department of HRS v. Muniz, 580 So.2d 886 (Fla. 3rd DCA 1991) (a state employee with permanent status has a number of rights but has no vested interest in a particular job, although the employee must be reassigned to a position with the same degree of responsibility and the same salary range maximum). Thus, BOR argues that the arbitrator's award was complied with to the extent that it was "legal" and, therefore, Moya's motion to confirm the award was properly denied.
BOR's argument misses the mark. They cannot decide which aspects of the arbitrator's award they will or will not follow. If BOR had an objection to any portion of the arbitrator's award, they should have petitioned the court within 90 days of delivery of the arbitrator's award seeking redress from the court. Since they failed to do so, the trial court had no choice but to confirm the arbitrator's award unless BOR asserted a defense relating to an issue not presented to the arbitrator. Meade, 423 So.2d 908. BOR is also in error when arguing that Moya had 90 days in which to file a motion to confirm the arbitrator's award and because he did not, the trial court had no jurisdiction. Although a party has 90 days after delivery of an arbitrator's award to seek to vacate, to modify or to correct an award, there is no time limitation written in the statute within which a party is required to file a motion to confirm an arbitrator's award.
By way of analogy, the supreme court has held that because there is a need for finality in arbitration awards, the trial court's ability to alter an arbitration award is very limited. See Schnurmacher Holding, Inc. v. Noriega, 542 So.2d 1327 (Fla. 1989). Unless the trial court finds that one of the statutorily enumerated grounds[6] apply to vacate an award, neither the trial court, nor a district court of appeal for that matter, has the authority to overturn an award. Id. Even though the award of the arbitrator could not be granted by a court of law or equity, the trial court cannot refuse to confirm an arbitrator's award. See Lake County Ed. Ass'n v. School Bd. of Lake County, 360 So.2d 1280, 1282 (Fla. 2d DCA), cert. denied, 366 So.2d 882 (Fla. 1978). Since BOR never raised any of the statutorily enumerated grounds as a basis to deny the motion to confirm the arbitrator's award and since the trial judge did not list any grounds to support his denial of *285 Moya's motion to confirm, the trial court must be reversed.
Accordingly, this cause is reversed and remanded with directions that the trial court confirm the arbitrator's award.
REVERSED and REMANDED with directions.
COBB and W. SHARP, JJ., concur.
NOTES
[1] The motion for modification of the arbitrator's award was withdrawn by Moya before the hearing began and the only issue before the court was the motion for entry of judgment confirming the arbitrator's award.
[2] Section 682.12, Florida Statutes, provides that upon application of a party to arbitration, the court "shall" confirm an award, unless within the time limits herein after imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in §§ 682.13 and 682.14.
[3] See Fla. Stat. § 682.13 (1991).
[4] See Fla. Stat. § 682.14 (1991).
[5] Meade v. Lumbermens Mutual Casualty Co., 423 So.2d 908 (Fla. 1982).
[6] § 682.13(1)(a)-(e), Fla. Stat. (1991).