820 So.2d 378 (2002)
AMERICAN RELIANCE INSURANCE COMPANY, Appellant,
v.
Norman DEVECHT, et al., Appellees.
No. 3D00-3403.
District Court of Appeal of Florida, Third District.
May 22, 2002.
Rehearing Denied July 12, 2002.
*379 Adorno & Zeder and Raoul G. Cantero, III, Coconut Grove, and William Berk, Fort Lauderdale, and Nicole E. Mestre, for appellant.
Daniels, Kashtan, Downs & Oramas; Jay M. Levy, Miami, for appellees.
Before JORGENSON and GERSTEN, JJ., and NESBITT, Senior Judge.
PER CURIAM.
American Reliance Insurance Company appeals from an order confirming an arbitration award, and from the final judgment entered on that order. We affirm.
"Upon application of a party to the arbitration, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award ...." § 682.12, Fla. Stat. (2001). The insurer never moved to vacate, modify, or clarify the award pursuant to section 682.13, Florida Statutes. In the absence of such a challenge, the award must be confirmed. See Schnurmacher Holding, Inc. v. Noriega, 542 So.2d 1327 (Fla.1989) (holding that standard of judicial review of statutory arbitration awards is extremely limited); Moya v. Board of Regents, 629 So.2d 282, 284 (Fla. 5th DCA 1993) ("Unless the trial court finds that one of the statutorily enumerated grounds apply to vacate an award, neither the trial court, nor a district court of appeal for that matter, has the authority to overturn an award.")(citing section 682.13(1)(a)-(e), Fla. Stat. (1991)).
The insureds cross appeal the denial of prejudgment interest.[1] We reverse and remand on this issue, as prejudgment interest may be awarded from the date of the appraisal award unless policy provisions allow the insurer to pay the award within a certain period, and payment was made within the allotted time. See All-state Ins. Co. v. Blanco, 791 So.2d 515, 517 (Fla. 3d DCA 2001); Liberty Mut. Ins. Co. v. Alvarez, 785 So.2d 700 (Fla. 3d DCA 2001).
Affirmed in part; reversed in part; remanded for further proceedings consistent with this opinion.
NOTES
[1] We find no merit in the bad faith argument on cross appeal.