SHAHOOD, J.
Appellant, Frank Schneider, appeals from a final judgment confirming an arbitration award which struck an expungement provision from the final judgment. We reverse and remand with directions that the trial court enter an amended final judgment confirming the arbitration award in its entirety in accordance with section 682.12, Florida Statutes.
Section 682.12, Florida Statutes (2001) provides:
Upon application of a party to the arbitration, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in ss. 682.13 and 682.14.
In Moya v. Board of Regents, State University System of Florida, 629 So.2d 282, 284 (Fla. 5th DCA 1993), the Fifth District held that the trial court does not have any discretion and must confirm an arbitrator’s award unless one of the parties seeks to vacate, modify or correct the award within 90 days of delivery of the arbitrator’s award, or unless there is an issue presented to the trial court in the motion to confirm which was not submitted to the arbitrator.
The Third District in American Reliance Insurance Co. v. Devecht, 820 So.2d 378, 379 (Fla. 3d DCA 2002), followed Moya, and held that in the absence of a motion to vacate, modify or clarify the award pursuant to section 682.13, Florida Statutes, an arbitrator’s award must be confirmed.
As in Moya and American Reliance, none of the parties moved to vacate, modify or clarify the award. Cristol did not appear or oppose the petition. Thus, there was no basis for the trial court to strike the expungement provision since that provision was included in the stipulated award approved by the arbitration panel.
REVERSED AND REMANDED.
FARMER and KLEIN, JJ., concur.