STEVENSON, J.
In this appeal, SEIU Florida Public Services Union, CTW, CLC (“SEIU”) challenges an order dismissing with prejudice its motion to confirm an arbitration order. Although the City properly filed a written notice of objection with the arbitrator to the alleged “untimely” delivery of the order, it failed to file the statutorily-required motion to vacate in the circuit court after the award was received. We therefore reverse and remand for further proceedings.
SEIU is the collective bargaining representative for certain “blue-collar” workers employed by the City of Boynton Beach. Here, in response to SEIU’s motion to confirm an arbitration award issued on October 12, 2009, concerning City-employee Paul Green, the City filed a motion to dismiss. At the hearing, the City argued that there was no valid arbitration award for the court to confirm as the arbitrator had acted in excess of his “jurisdiction” in failing to make the award within thirty *961 days of submission of the briefs as provided in the arbitration agreement. See § 682.09(2), Fla. Stat. (2009) (“An award shall be made within the time fixed therefor by the agreement or provision for arbitration _”) (emphasis added). The briefs were submitted on May 9, 2009, and on October 5, 2009, the City filed a written objection to issuance of any award after June 9, 2009, as untimely. Thereafter, the arbitrator issued its decision on October 12, 2009. The City asserted that it had given the arbitrator timely written notice of its objection of an untimely award and that it was required to do nothing further. See § 682.09(2) (“Any objection that an award was not made within the time required is waived unless the objecting party notifies the arbitrators or umpire in writing of his or her objection prior to the delivery of the award to him or her.”). SEIU, on the other hand, insisted that because the City had failed to raise this issue in a timely motion to vacate, it was now too late for the City to avoid confirmation of the arbitration award on this ground. The trial court sided with the City and dismissed SEIU’s motion for confirmation. We agree with SEIU and reverse, finding that chapter 682 required the City to challenge the issuance of the arbitration award in a timely motion to vacate.
Confirmation of arbitration awards is governed by chapter 682, Florida Statutes. Section 682.12 provides that “the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in ss. 682.13 and 682.14.” (emphasis added). Section 682.13(2) provides that an application to vacate an arbitration award must be made within ninety days after delivery of a copy of the award to the applicant, except in cases predicated upon corruption, fraud, or other undue means. The language of section 682.12 is mandatory— the court must confirm the arbitration award unless a motion to vacate or modify has been filed within ninety days of delivery of the award. And, section 682.13 expressly provides for a motion to vacate “when ... [t]he arbitrators ... in the course of her or his jurisdiction exceeded their powers.” § 682.13(l)(c). Such language is sufficiently broad to encompass the claim advanced by the City in its motion to dismiss.
Klinefelter v. American Employers Insurance Co., 438 So.2d 864 (Fla. 4th DCA 1983), the case cited by the trial court in granting the City’s motion to dismiss, is distinguishable. In Klinefelter, this court held that the trial court erred in refusing to vacate the arbitration award where “[cjlearly the arbitrators acted too late and had no jurisdiction at the time the award was rendered.” Id. at 864. There is nothing in the Klinefelter opinion suggesting that the party who claimed the arbitrator had made the award outside of the time allowed by the contract or in the absence of “jurisdiction” did not timely file a motion to vacate.
Accordingly, the order dismissing SEIU’s motion to confirm arbitration award is reversed and the matter remanded so that the trial court may consider the merits of the same.

Reversed and Remanded.

MAY, C.J., and GROSS, J„ concur.