PER CURIAM.
Petitioners, Gordon Polley, M.D., and North Florida Surgeons, P.A., filed a petition for writ of mandamus seeking an order compelling the trial court to enter final judgment confirming an arbitration award entered in their favor. We grant the petition.
In 2008, the respondent, Martha Gardner, filed a complaint for medical malpractice against the petitioners, among others. The petitioners’ ease was compelled to arbitration, and, on July 7, 2011, the arbitra *649 tion panel entered an award finding for the petitioners. On November 18, 2011, the petitioners filed a motion to confirm the arbitration award and for entry of a final judgment in their favor. On December 1, 2011, the respondent filed a motion to set aside the arbitration award or, in the alternative, to stay the petitioners’ motion. On February 8, 2012, the trial court stayed the case and deferred ruling on the petitioners’ motion.[1]
“A writ of mandamus may issue to require a timely ruling on a matter pending before a lower tribunal.” Moody v. Moody, 705 So.2d 708 (Fla. 1st DCA 1998). In order to be entitled to mandamus, the petitioners must allege a violation of a clear legal right and the breach of an indisputable legal duty. See e.g., Pleus v. Crist, 14 So.3d 941 (Fla.2009). The legal duty must be ministerial and not discretionary. A ministerial duty or act is one “where there is no room for the exercise of discretion, and the performance being required is directed by law.” See Town of Manalapan v. Rechler, 674 So.2d 789, 790 (Fla. 4th DCA 1996) (citation omitted).
Section 682.12, Florida Statutes (2011), provides:
Upon application of a party to the arbitration, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in ss. 682.13 and 682.1k.
The language of section 682.12 is mandatory. See SEIU Fla. Pub. Servs. Union, CTW, CLC v. City of Boynton Beach, 89 So.3d 960 (Fla. 4th DCA 2012) (“The language of section 682.12 is mandatory — the court must confirm the arbitration award unless a motion to vacate or modify has been filed within ninety days of delivery of the award.”).
Section 682.15, Florida Statutes (2011), provides:
Upon the granting of an order confirming, modifying or correcting an award, judgment or decree shall be entered in conformity therewith and be enforced as any other judgment or decree. Costs of the application and of the proceedings subsequent thereto, and disbursements may be awarded by the court.
In construing the trial court’s level of discretion to confirm an arbitration award, the Fifth DCA held:
[T]he trial court does not have any discretion and must confirm the award unless one of the parties seeks to vacate, modify or correct the award within 90 days of delivery of the arbitrator’s award, or unless there is an issue presented to the trial court in the motion to confirm which was not submitted to the arbitrator.
Moya v. Bd. of Regents, State Univ. Sys. of Fla., 629 So.2d 282, 284 (Fla. 5th DCA 1993) (footnotes omitted).
Here, the petitioners met all the statutory requirements for confirmation and entry of final judgment. The respondent’s motion to set aside the arbitration award was untimely and failed to meet the statutory criteria. See § 682.13, Fla. Stat. (2011). As such, the entry of final judgment confirming the arbitration award was a ministerial task, and there was no legal basis for the trial court to defer ruling on the petitioners’ motion. See Farmer v. Polen, 423 So.2d 1035, 1036 (Fla. 4th DCA 1982).
*650 Accordingly, we grant the petition for writ of mandamus and direct the trial court to enter judgment confirming the arbitration award in favor of the petitioners.
BENTON, C.J., PADOVANO, and ROBERTS, JJ., concur.

. In case number ID 12-1319, the petitioners also petitioned this Court for writ of certiorari to quash the trial court's order staying the proceedings. These two cases were consolidated for travel purposes. The petition for writ of certiorari was denied.