LAGOA, J.
Petitioners, Diane N. Wells and Thomas 0. Wells (collectively, “Wells”), petition this Court for a writ of mandamus to compel the trial court to confirm an arbitration award. We grant the petition.
I. FACTUAL AND PROCEDURAL HISTORY
On May 30, 2008, Wells and Halmac Development, Inc. (“Halmac”), entered into a construction contract, which contained an arbitration clause. Due to several issues in the construction project, Wells terminated the contract with Hal-mac. Then, on November 2, 2009, Halmac recorded a claim of lien on Wells’ property in the amount of $72,088.80 plus interest. A few weeks later, Halmac recorded a notice of lis pendens seeking to foreclose on Wells’ property. Subsequently, Wells filed a motion to compel arbitration, and, after the agreement of the parties, the trial court issued an order compelling arbitration.
In arbitration, Wells sought money damages against Halmac on a contract claim and misappropriation of funds. Wells also sought money damages against Halmac and the Respondent, Hector Castro (“Castro”), for filing of a fraudulent lien. In a counterclaim against Wells, Halmac sought the amount owed to it under the contract. The parties specifically agreed to have the arbitrator determine the issue of “prevailing party.”
On August 17, 2011, the arbitrator entered an award (“Initial Award”) finding in favor of Wells on the contract claim, and in *1235 favor of Halmac on the counterclaim, which offset the amount owed to Wells. Additionally, the arbitrator found in favor of Halmac on the claim for misappropriated funds. Further, the arbitrator denied Wells’ claims against Halmac and Castro for the filing of a fraudulent lien, noting that during the hearing, he granted Castro’s motion to dismiss the claim brought against him. Lastly, after a thorough discussion of the claims and awards in the matter, the arbitrator concluded, “[weighing the factors delineated by the Supreme Court in Trytek [v. Gale Indus. Inc., 3 So.3d 1194 (Fla.2009),] and the equities on both sides of this case, I find that there is no prevailing party for the purposes of an award of attorneys’ fees.” (emphasis added).
After the Initial Award, both Halmac and Wells filed motions in arbitration seeking to modify the Initial Award for a correction of computational errors. Castro also filed a motion in arbitration, requesting that the Initial Award be modified to address the question of “who is the prevailing party as between Castro and the Wells, and ... that Castro be deemed the prevailing party.” Wells responded to Castro’s motion arguing that Castro was attempting to have the merits re-determined, and that “[a] modification is limited to the scope of AAA R-48 or Fla. Stat. § 682.14(l)(a), and the Arbitrator has determined, in accordance with Florida law, that there is no prevailing party for the purposes of attorneys’ fees and costs in this action.”
As a result, on September 23, 2011, the arbitrator entered a Modification of Award (“Modified Award”), which increased the amount due to Wells, and stated “[t]he Motion for Modification filed by Respondent Castro is hereby denied.”
Wells sought to confirm the award, and filed a Motion to Confirm and Enforce the Arbitration Award Against Plaintiff Hal-mac in the trial court. The trial court denied the motion without prejudice, and gave the parties until November 16, 2011, to file motions to vacate, modify or correct.
One day prior to the deadline, Castro filed a motion to intervene in the trial court case, which was subsequently granted. Additionally, Halmac and Castro jointly filed a Motion to Modify and Correct Award pursuant to section 682.14, Florida Statutes (“Motion to Modify”). The Motion to Modify sought what it characterized as a “technical correction in the form of the award,” claiming that the Modified Award “failed to clarify, correct or modify the award to include Castro as the prevailing party” between Castro and Wells. Halmac also moved to correct mathematical errors and miscalculations in the Initial Award and the Modified Award. Wells then filed a Renewed Motion to Confirm and Enforce the Arbitration Award Against Plaintiff Halmac Development, Inc. and Cross Response to Halmac/Inter-venor’s Motion for Modification under Fla. Stat. 682.14, arguing that the Modified Award must be confirmed, because Hal-mac and Castro had no good faith basis to vacate under sections 682.13 and 682.14, Florida Statutes (2012).
On January 31, after a hearing, the trial court entered an order granting the Renewed Motion to Confirm as between Wells and Halmac. On that same date, the trial court also entered an order directing “the arbitrator to determine [the] prevailing party between Wells and Castro.” Subsequently, on February 14, 2012, the arbitrator issued an Order of the Arbitrator on Remand (“Remand Order”) stating:
The AWARD previously in this case tracks current Florida case law on this question so that will not be revisited here. Weighing that case law, as well as that cited for the first time in this case *1236 in the briefs of the parties, I find that neither Mr. Castro nor the Wells is a prevailing party for the purpose of an award of attorneys’ fees.
(emphasis added).
On March 20, 2012, the trial court again heard the parties regarding the Motion to Modify. The trial court “deferred” ruling on the motion, instead giving Castro “90 days from Feb. 14, 2012 to move to modify, correct and/or vacate [the] arbitrator award.”
Subsequently, on May 11, 2012, Castro filed a Motion to be Determined the Prevailing Party (“Prevailing Party Motion”), seeking an order from the trial court finding him to be the prevailing party with an entitlement to fees. Specifically, Castro argued that the trial court was required to enter an order finding him to be the prevailing party because the arbitrator “failed to determine a prevailing party” in the Remand Order. Wells filed a response, again seeking confirmation of the award.
On October 22, 2012, the trial court entered an order granting Castro’s Prevailing Party Motion, stating that “Hector Castro is the prevailing party as between Defendants, Diane N. Wells and Thomas O. Wells and Hector Castro” (“October 22 order”). The effect of the October 22 order was to overturn the arbitrator’s determination in the Remand Order that neither Wells nor Castro was the prevailing party. Wells then filed the instant petition for writ of mandamus.
II. ANALYSIS
To be entitled to mandamus relief, the petitioner must demonstrate a clear legal right to the performance of a ministerial duty. See Morse Diesel Int'l, Inc. v. 2000 Island Blvd., Inc., 698 So.2d 309 (Fla. 3d DCA 1997). A ministerial duty “is one ‘where there is no room for the exercise of discretion, and the performance being required is directed by law.’ ” Polley v. Gardner, 98 So.3d 648, 649 (Fla. 1st DCA 2012) (quoting Town of Manalapan v. Rechler, 674 So.2d 789, 790 (Fla. 4th DCA 1996)), review denied, No. SC12-2448, 115 So.3d 999, 2013 WL 1165254 (Fla. Mar. 21, 2013). A writ of mandamus may issue to require a timely ruling on a matter pending before a lower tribunal. Moody v. Moody, 705 So.2d 708 (Fla. 1st DCA 1998).
After the arbitrator entered the Remand Order, the trial court gave Castro ninety days to file a motion to correct, modify or vacate the award. Motions to vacate an arbitration award are made pursuant to section 682.13, Florida Statutes (2012),[1] and motions to modify or correct an award are made pursuant to section 682.14, Flori *1237 da Statutes (2012).[2] See also Moser v. Barron Chase Secs., Inc., 783 So.2d 231 (Fla.2001). With regard to the instant ease, it is important to note that the Florida Supreme Court made clear in Schnurmacher Holding, Inc. v. Noriega, 542 So.2d 1327 (Fla.1989), that application of an incorrect standard or an error of law is an insufficient basis upon which to vacate an award under the relevant statutes:
As we have stated, under section 682.13(1) and our case law the standard of judicial review of statutory arbitration awards is extremely limited. An award of arbitration may not be reversed on the ground that the arbitrator made an error of law. Cassava, 55 So.2d at 105. “[I]f ... the arbitrators are not guilty of the acts of misconduct set forth in the statute, the award operates as a final and conclusive judgment, and-however disappointing it may be-the parties must abide by it.” Id.
Id. at 1329-30; accord Felger v. Mock, 65 So.3d 625 (Fla. 1st DCA 2011); Verzura Constr., Inc. v. Surfside Ocean, Inc., 708 So.2d 994 (Fla. 3d DCA 1998).
In the absence of a motion legally sufficient under either section 682.13 or 682.14, the trial court must confirm the award:
Upon application of a party to the arbitration, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in ss. 682.13 and 682.14.
§ 682.12, Fla. Stat. (2012) (emphasis added).[3] See also Polley, 98 So.3d at 648 (stating that the language in section 682.12 is mandatory; granting writ of mandamus to confirm arbitration award where motion to set aside award failed to meet the statutory criteria set forth in section 682.13); accord SEIU Fla. Pub. Servs. Union, CTW, CLC v. City of Boynton Beach, 89 So.3d 960, 961 (Fla. 4th DCA 2012) (“The language of section 682.12 is mandatory-the court must confirm the arbitration award unless a motion to vacate or modify has been filed within ninety days of delivery of the award.”); Am. Reliance Ins. Co. v. Devecht, 820 So.2d 378 (Fla. 3d DCA 2002) (in the absence of a statutory challenge, an arbitration award must be confirmed); Moya v. Bd. of Regents, 629 So.2d 282 (Fla. 5th DCA 1993) (stating that where party failed to assert one of the statutory grounds to vacate an award, trial court cannot refuse to confirm an arbítra *1238 tor’s award, even where award could not be granted in law or equity).
Here, Castro did not file a motion to vacate or to modify or correct pursuant to sections 682.13 or 682.14. Instead, he filed his Prevailing Party Motion, arguing that the arbitrator “erroneously concluded” that there was no prevailing party as between Wells and Castro, and that he was entitled to an order finding him to be the prevailing party. In essence, Castro argued that the trial court’s order of January 31, remanding the case to the arbitrator, required a particular result-that he be determined the prevailing party. However, as stated above, an award may not be reversed on the ground that the arbitrator made an error of law.
The parties specifically agreed to have the arbitrator determine the issue of “prevailing party.” Upon remand by the trial court, the arbitrator found that neither Castro nor Wells was the prevailing party. In the absence of Castro filing a motion pursuant to section 682.13 or 682.14, the trial court was required to confirm the award, and therefore had no legal basis upon which to enter the October 22 order overturning the Remand Order.
III. CONCLUSION
Because Castro’s Prevailing Party Motion did not set forth any of the statutorily enumerated grounds to vacate an arbitration award, the trial court was required to confirm the Initial Award as modified by the Remand Order. Instead, the trial court entered its own unauthorized order finding Castro to be the prevailing party. The trial court’s action was in direct contravention of section 682.12.
Accordingly, we grant the petition for writ of mandamus, quash the October 22 order finding Castro to be the prevailing party, and direct the trial court to confirm the Initial Award as modified by the February 14, 2012 Remand Order.
Petition for Writ of Mandamus Granted; Order Quashed; and Cause Remanded.

. The relevant portion of section 682.13 states as follows:
682.13. Vacating an award
(1) Upon application of a party, the court shall vacate an award when:
(a) The award was procured by corruption, fraud or other undue means.
(b) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or umpire or misconduct prejudicing the rights of any party.
(c) The arbitrators or the umpire in the course of her or his jurisdiction exceeded their powers.
(d) The arbitrators or the umpire in the course of her or his jurisdiction refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of s. 682.06, as to prejudice substantially the rights of a party.
(e)There was no agreement or provision for arbitration subject to this law, unless the matter was determined in proceedings under s. 682.03 and unless the party participated in the arbitration hearing without raising the objection.
But the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.

. That statute states in relevant part as follows:
682.14. Modification or correction of award
(1) Upon application made within 90 days after delivery of a copy of the award to the applicant, the court shall modify or correct the award when:
(a) There is an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award.
(b) The arbitrators or umpire have awarded upon a matter not submitted to them or him or her and the award may be corrected without affecting the merits of the decision upon the issues submitted.
le) The award is imperfect as a matter of form, not affecting the merits of the controversy.
(2) If the application is granted, the court shall modify and correct the award so as to effect its intent and shall confirm the award as so modified and corrected. Otherwise, the court shall confirm the award as made.

. Section 682.10, Florida Statutes (2012), also provides that upon the modification or correction of an award by an arbitrator or umpire, the award is subject to the same provisions. § 682.10, Fla. Stat. (2012) ("The award so modified or corrected is subject to the provisions of ss. 682.12-682.14.”).