# Third District Court of Appeal

**State of Florida**

Opinion filed April 8, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D14-504; 3D14-503 & 3D14-502
Lower Tribunal Nos. 02-3301, 02-2058 & 02-595

_____

**Brenda Nestor,**
Appellant,

vs.

**Tracy Posner Ward, Individually and as Guardian of Melody Lane Ward, a minor,**
Appellee.

Appeals from the Circuit Court for Miami-Dade County, Celeste Hardee Muir, Judge.

John H. Schulte, for appellant.

Law Office of Paul Morris, P.A., and Paul Morris; The Cochran Firm, and Scott W. Leeds, for appellee.

Before SHEPHERD, C.J., and FERNANDEZ and LOGUE, JJ.

LOGUE, J.

Brenda Nestor appeals a final judgment holding her personally liable for outstanding payments due to Tracy Posner Ward pursuant to a settlement agreement. Nestor contends the final judgment improperly altered an arbitration award that interpreted the agreement. We reverse in part and affirm in part.

FACTS AND PROCEDURAL HISTORY

Victor Posner died in 2002. His will made Nestor, a friend and business associate, his chief beneficiary and the personal representative of his estate. Ward, Posner's daughter, on behalf of herself and her daughter, filed lawsuits challenging the will and the allocation of property to a trust. The parties to these lawsuits included Nestor in her individual and representative capacity and numerous corporate entities related to the estate and trust. The lawsuits, with all of the parties, were ultimately settled in a global mediation.

In the hand-written settlement agreement reached at the mediation, Ward relinquished various claims in return for ten million dollars paid over the course of five years. The payments began, but then stopped. When no further payments were forthcoming, Ward sued to enforce the settlement. The dispute over the settlement was sent to binding arbitration, as provided in the settlement.

Following a hearing, the arbitrator entered an award. Quoting the settlement agreement, the arbitrator found that the "VP Entities" were responsible for the remaining payments due Ward: "VP entities pay Tracy Posner net of taxes, estate

2

or gift . . . 5 annual payments of $2 million each for a total of $10 million after estate or gift taxes."

The arbitrator quoted this sentence from the handwritten settlement agreement, but she did not define the term "VP entities" that appears in the quote. She expressly noted, however, that "VP entities are defined and each one listed in paragraph 20 [of the settlement agreement]." Paragraph 20 of the settlement agreement reads, "'V.P. Entities' shall mean SMC, EAM, Asset Manager, Trust 6, the Estate of V.P, and any other entity formerly owned and controlled by Victor Posner."

After the arbitrator entered her award, the parties could not agree on who was responsible to make the payments to Ward. In particular, they disagreed whether Nestor, in her individual capacity, was included in the term "V.P. Entities." The matter went before the trial court on a motion to enforce the arbitration award. The trial court entered an order that included Nestor in her individual capacity among the entities required to make the payments to Ward. Nestor timely appealed.

## ANALYSIS

The issue presented is whether the trial court could hold Nestor personally liable for the outstanding payments of the ten million dollars originally owed to Ward where the arbitration award, which interpreted the settlement agreement,

3

limited the obligation to "VP Entities." We hold that the trial court was without authority to do so.

A party may move the trial court to vacate an arbitration award. But the grounds for doing so are limited to the following:

(a) The award was procured by corruption, fraud, or other undue means;

(b) There was:

1. Evident partiality by an arbitrator appointed as a neutral arbitrator;
2. Corruption by an arbitrator; or
3. Misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding;

(c) An arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused to hear evidence material to the controversy, or otherwise conducted the hearing contrary to s. 682.06, so as to prejudice substantially the rights of a party to the arbitration proceeding;

(d) An arbitrator exceeded the arbitrator's powers;

(e) There was no agreement to arbitrate, unless the person participated in the arbitration proceeding without raising the objection under s. 682.06(3) not later than the beginning of the arbitration hearing; or

(f) The arbitration was conducted without proper notice of the initiation of an arbitration as required in s. 682.032 so as to prejudice substantially the rights of a party to the arbitration proceeding.

§ 682.13(1), Fla. Stat. (2014); see also Schnurmacher Holding, Inc. v. Noriega, 542 So. 2d 1327, 1328 (Fla. 1989) (holding, absent a statutory basis for doing so under

4

section 682.13(1), "neither a trial court nor a district court of appeal has the authority to overturn the [arbitration] award").

A party may also move the trial court to modify or correct an arbitration award. Like a motion to vacate, the grounds for modifying or correcting an award are statutorily enumerated:

> (a) There is an evident miscalculation of figures or an evident mistake in the description of any person, thing, or property referred to in the award.
>
> (b) The arbitrators have awarded upon a matter not submitted in the arbitration and the award may be corrected without affecting the merits of the decision upon the issues submitted.
>
> (c) The award is imperfect as a matter of form, not affecting the merits of the controversy.

§ 682.14(1), Fla. Stat. (2014).

In the absence of a motion to vacate, modify, or correct the arbitration award, the trial court must confirm the award:

> After a party to an arbitration proceeding receives notice of an award, the party may make a motion to the court for an order confirming the award at which time the court shall issue a confirming order unless the award is modified or corrected pursuant to s. 682.10 or s. 682.14 or is vacated pursuant to s. 682.13.

§ 682.12, Fla. Stat. (2014) (emphasis added); see also Wells v. Castro, 117 So. 3d 1233, 1237 (Fla. 3d DCA 2013) (granting a writ of mandamus to confirm an arbitration award).[1]

_____

[1] Under certain circumstances, a party to an arbitration proceeding may move an

In this case, Ward did not file a motion to vacate, modify, or correct the arbitration award. Thus, the trial court was required to confirm the award under section 682.12. Id. at 1238. We conclude that the trial court properly affirmed the award except for the provisions that named Nestor liable in her individual capacity for the remaining payments due to Ward.

The award limited the obligation to "VP Entities." Although the arbitration award did not define "VP Entities," the award adopted the settlement agreement's definition. The settlement agreement defined "VP Entities" and listed the specific entities included in that definition. Nestor was not included in that list. Moreover, both the arbitration award and the settlement agreement used the term "VP Entities" in a manner that did not include Nestor individually, and both documents referred to Nestor individually where they intended to include her individually.

Contrary to Ward's contention, Nestor's status as a party to the underlying lawsuit, settlement agreement, and arbitration award does not mean that Nestor was personally liable to comply with the obligations of the other parties to the agreement. Nor does her status as a party in her individual capacity serve to broaden the definition of "VP Entities" beyond the language used in the settlement agreement and adopted by the arbitration award.

---

arbitrator to modify or correct an arbitration award. § 682.10, Fla. Stat. (2014).

6

Even if Ward had filed a motion to vacate, modify, or correct the arbitration award, the trial court had no basis to grant it on the ground that Nestor should be held personally liable because "a trial court is not empowered to set aside arbitration awards for mere errors of judgment as to law or facts . . . ." Expressway Co. v. Precision Design, Inc., 882 So. 2d 1016, 1018 (Fla. 3d DCA 2004) (quotation and citation omitted). As the Florida Supreme Court stated, "the standard of judicial review of statutory arbitration awards is extremely limited." Schnurmacher Holding, 542 So. 2d at 1329. Absent a statutory basis for vacating the award, "the award operates as a final and conclusive judgment, and-however disappointing it may be-the parties must abide by it." Id. at 1330. (citation omitted). The remainder of the judgment is affirmed.

Affirmed in part and reversed in part.