# Third District Court of Appeal

## State of Florida

Opinion filed July 14, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1178
Lower Tribunal No. 18-39688
_____

## Community/Condotte/De Moya JV, et al.,
Petitioners,

vs.

## Circuit Court Judge,
Respondent.

A Case of Original Jurisdiction – Mandamus.

Taylor Espino Vega & Touron, PLLC, and Alejandro Espino, Jennifer C. Gonzalez, and Vanessa A. Van Cleaf, for petitioner Community/Condotte/De Moya JV; Pearson Doyle Mohre & Pastis LLP, and Frederick W. Mohre and Daniel J. Lopez (Maitland), for petitioner Atkins North America, Inc.; Derrevere Stevens Black & Cozad, and Jon D. Derrevere, William W. Vertes, and Bryan W. Black (West Palm Beach), for petitioner BCC Engineering, LLC.

Patricia Gladson, General Counsel, and Gabriela Jimenez Salomon, Assistant General Counsel, for respondent.

Before EMAS, LOGUE, and BOKOR, JJ.

LOGUE, J.

Petitioners, who include the plaintiff and defendants below, seek the issuance of a writ of mandamus directing the trial court to proceed with the appointment of a trial resolution judge pursuant to section 44.104, Florida Statutes, (2020). We grant the petition.

The case is currently set for trial in September 2021. On April 22, 2021, the petitioners filed a Joint Application for Voluntary Trial Resolution pursuant to section 44.104, Florida Statutes. The parties requested the appointment of Mr. Bruce Alexander, Esq. within ten days pursuant to the statute.

On June 18, 2021, the trial court entered an eight-page order denying the application. In doing so, the trial court noted the case had been pending for some time, a pretrial order had been entered setting a trial date, the court had expended substantial judicial resources managing the case, and the case would be more expeditiously resolved if tried by the court rather than by a private trial resolution judge. The order concludes "i[f] the purpose of section 44.104 is to provide alternatives for the expeditious resolution of disputes, such purpose is defeated by a request that will have the effect of further delaying this case."

"To be entitled to mandamus relief, the petitioner must demonstrate a clear legal right to the performance of a ministerial duty. A ministerial duty 'is one where there is no room for the exercise of discretion, and the performance being required is directed by law.'" Wells v. Castro, 117 So. 3d 1233, 1236 (Fla. 3d DCA 2013) (quoting Polley v. Gardner, 98 So. 3d 648, 649 (Fla. 1st DCA 2012) (internal citation omitted)). In construing a statute, "the intent of the legislature must guide our analysis, and that intent must be determined primarily from the language of the statute." Hale v. State, 891 So. 2d 517, 521 (Fla. 2004) (citation omitted).

Section 44.104, titled "Mediation Alternatives to Judicial Action," provides, in pertinent part:

> (1) Two or more opposing parties who are involved in a civil dispute may agree in writing to submit the controversy to . . . voluntary trial resolution, in lieu of litigation of the issues involved, prior to or after a lawsuit has been filed, provided no constitutional issue is involved.
>
> (2) If the parties have entered into an agreement which provides in . . . voluntary trial resolution a method for appointing a member of The Florida Bar in good standing for more than 5 years to act as trial resolution judge, *the court shall proceed with the appointment as prescribed* . . . . In the absence of an agreement, or if the agreement method fails or for any reason cannot be followed, the court, on application of a party, shall appoint . . . the trial resolution judge, as the case requires.
>
> (3) The . . . trial resolution judge shall be compensated by the parties according to their agreement.

> (4)   Within 10 days after the submission of the request for . . . voluntary trial resolution, *the court shall provide for the appointment* of the . . . trial resolution judge, as the case requires.

(emphasis added).

The language of this statute indicates that the Legislature did not intend for the trial court to have the discretion to deny the application: the statute creates a nondiscretionary duty on the part of the trial court. See Pridgen v. Bd. of Cnty. Commr's of Orange Cnty., 389 So. 2d 259, 260 (Fla. 5th DCA 1980) ("The verb 'shall' generally connotes a mandate to do something, and gives the person so directed no discretion to refrain from compliance.") (footnotes omitted); Greenbriar Condo. Ass'n v. Padgett, 583 So. 2d 1100, 1102 (Fla. 4th DCA 1991) ("The use of the word 'shall' seems to indicate no discretion on the part of the trial court . . . .").[1]

Under the plain language of section 44.104(4), the trial court's views about the best and most expeditious method to resolve the dispute must yield

---

[1] Cf. CPI Mfg. Co. v. Industrias St. Jack's, S.A., 870 So. 2d 89, 91 (Fla. 3d DCA 2003) (noting that rule 1.420 is mandatory because "[u]nless a party can satisfy the exceptions provided for in the rule, it specifically states 'shall dismiss,' and there is no discretion on the trial court's part if it is demonstrated to the trial court that no action toward prosecution has been taken within a year"); C.M.T. v. Dep't of Health & Rehab. Servs., 550 So. 2d 126, 126–27 (Fla. 1st DCA 1989) (noting that "shall" within meaning of statute requiring that removal of a juvenile from detention and placement into a commitment program "shall occur within five days" was not permissive and "does not permit discretion on the part of" the Department).

to the parties' legislatively given right to jointly agree to submit their case to a private judge.

We grant the petition and direct the trial court to enter an order appointing Bruce G. Alexander, Esq., as trial resolution judge pursuant to section 44.104(4), Florida Statutes, without any restriction other than those contained in the statute. Confident the able and experienced trial judge involved will promptly comply, we withhold formal issuance of the writ.

Petition granted; writ withheld.