# Third District Court of Appeal

## State of Florida

Opinion filed October 6, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1069
Lower Tribunal No. 18-8374
_____

**Griffin Windows and Doors, LLC,**
Petitioner,

vs.

**John Pomeroy,**
Respondent.

A Case of Original Jurisdiction – Mandamus.

Taylor Espino Vega, PLLC, and Daniel R. Vega and Vanessa A. Van Cleaf, for petitioner.

Montalto Legal, LLC, and Stephen Montalto, for respondent.

Before LOGUE, HENDON, and GORDO, JJ.

HENDON, J.

The defendant below, Griffin Windows and Doors, LLC ("Griffin

Windows"), petitions this Court for a writ of mandamus to compel the trial court to conduct an evidentiary hearing to determine the amount of attorney's fees and costs awardable to Griffin Windows pursuant to section 768.79, Florida Statutes (2021), and Florida Rule of Civil Procedure 1.442, and to enter a final order following the evidentiary hearing. We grant the petition.

Pomeroy filed suit against Griffin Windows. Griffin Windows served a Proposal for Settlement/Offer of Judgment to Pomeroy pursuant to rule 1.442 and section 768.79. Pomeroy did not accept Griffin Windows' proposal for settlement. Thereafter, the trial court entered a final judgment of no liability in favor of Griffin Windows, reserving jurisdiction to determine if Griffin Windows is entitled to an award of attorney's fee and costs. Pomeroy appealed the final judgment and the denial of his motion for rehearing.

In the lower tribunal, Griffin Windows filed a motion for entitlement to attorney's fees and costs pursuant to section 768.69 and rule 1.442. At the hearing on the motion for entitlement, the trial court noted that Pomeroy had appealed the final judgment, stating: "So I don't want to grant your motion for fees, and then have a fee hearing, and go through all that and all the work that's got to be put into it, and then it gets reversed on appeal."

2

Griffin Windows' counsel requested that the trial court go forward with a fee hearing, and if Pomeroy would like to appeal the final order awarding fees, then he would have to first post a supersedeas bond. After noting that a fee hearing would take three to four hours, the trial court ruled that it was granting entitlement to fees and reserving as to the amount of fees pending this Court's disposal of the appeal filed by Pomeroy of the final judgment. Pomeroy's counsel stated that he did not object.[1] Thereafter, the trial court entered a written order consistent with its oral ruling.

Griffin Windows then filed a "Motion for Reconsideration of Ruling to Abate Conducting an Evidentiary Hearing to Determine the Amount of Attorney's Fees and Costs Until the Appeal is Concluded" ("Motion for Reconsideration"). Griffin Windows argued, among other things, that pursuant to section 768.79, it is entitled to an award of fees and costs, and Pomeroy's appeal of the final judgment did not divest the trial court of jurisdiction to enter an order determining the amount of attorney's fees and costs to award to Griffin Windows pursuant to section 768.79. Further, although an attorney's fees and cost judgment may be become moot if the final judgment is reversed on appeal, the trial court nonetheless has a

---

[1] Pomeroy's counsel stated: "Your Honor, at this point I have no objection to granting their entitlement pending the appeal. But reserving as to the amount once the appeal has been decided."

ministerial statutory duty to act. Griffin Windows requested that the trial court reconsider its previous decision and to schedule an evidentiary hearing to determine the amount of fees and costs. Following a hearing, the trial court denied Griffin Windows' motion for reconsideration. Griffin Windows' petition for writ of mandamus followed.

"To be entitled to mandamus relief, the petitioner must demonstrate a clear legal right to the performance of a ministerial duty." Wells v. Castro, 117 So. 3d 1233, 1236 (Fla. 3d DCA 2013); see also SR Acquisitions—Fla. City, LLC v. San Remo Homes at Fla. City, LLC, 78 So. 3d 636, 638 (Fla. 3d DCA 2011) ("It is well settled that mandamus will lie where the petitioner has a clear legal right to the performance of the particular duty sought and that he has no other legal method for obtaining relief.") (quoting Caldwell v. Est. of McDowell, 507 So. 2d 607, 608 (Fla. 1987)). "A ministerial duty is one where there is no room for the exercise of discretion, and the performance being required is directed by law." Wells, 117 So. 3d at 1236 (internal quotation marks omitted). Further, "[a] writ of mandamus may issue to require a timely ruling on a matter pending before a lower tribunal." Id. If an appellate court issues a writ of mandamus, it merely "directs the trial court to take action, but does not decide the merits." SR Acquisitions, 78 So. 3d at 638.

4

Here, after the final judgment of no liability was entered in favor of Griffin Windows, Griffin Windows filed a timely motion for entitlement to attorney's fees and costs pursuant to the offer of judgment statute, section 768.79, and the corresponding procedural rule, rule 1.442. Section 768.79 provides:

> (1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant **shall** be entitled to recover reasonable costs and attorney's fees incurred by her or him . . . from the date of filing of the offer if the judgment is one of no liability . . . .

(emphasis added). The trial court conducted a hearing on Griffin Windows' motion for entitlement to attorney's fees and costs, during which Pomeroy's counsel conceded that Griffin Windows was entitled to an award of attorney's fees and costs under the relevant statute. The trial court, however, ruled that it would not conduct the necessary evidentiary hearing to determine the amount of the award of attorney's fees and costs until this Court disposes of Pomeroy's appeal of the final judgment of no liability entered in favor of Griffin Windows. Based on the relevant statute and the trial court's refusal to conduct a hearing as to the amount of fees and costs to award to Griffin Windows, mandamus relief is appropriate because "[a] writ of mandamus may issue to require a timely ruling on a matter pending before a lower tribunal." Wells, 117 So. 3d at 1236. Accordingly, we grant

5

the petition for writ of mandamus and order the trial court to conduct an evidentiary hearing to address the amount of attorney's fees and costs awardable to Griffin Windows pursuant to section 768.79 and rule 1.442, and to enter a final order following the evidentiary hearing.

Petition granted.