DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NORMAN J. ORTIZ MARTINEZ,**
Appellant,

v.

**RING-CENTRAL, INC.,**
Appellee.

No. 4D2023-2175

[August 7, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Luis Delgado, Judge; L.T. Case No. 502022CA012769.

Yasir Billoo and Kristina Gentile of International Law Partners, LLP, Hollywood, for appellant.

Alyssa L. Cory of Shutts & Bowen LLP, Tampa, and Harold E. Morlan III of Shutts & Bowen LLP, Orlando, for appellee.

GROSS, J.

Norman Ortiz Martinez ("Ortiz") appeals a final judgment confirming an arbitration award in favor of Ring-Central, Inc. ("RingCentral"). We affirm because Ortiz's motion to vacate the award was untimely.

### *Factual Background*

Ortiz worked as a software designer in Florida for appellee RingCentral, a California corporation. As part of Ortiz's termination from his employment with RingCentral, the parties executed a separation agreement (the "agreement"), which provided for arbitration in accordance with Florida law. Before signing the agreement and without notifying RingCentral, Ortiz unilaterally modified certain terms regarding restricted stock units.

Ortiz filed an arbitration claim against RingCentral for payment of vested restricted stock units under the agreement, but RingCentral asserted a counterclaim for rescission due to fraudulent inducement, arguing that the stock units remained unvested.

On November 7, 2022, the arbitrator issued a final award determining that Florida law governed the dispute, rescinding the agreement due to fraudulent inducement, and awarding RingCentral damages, attorney's fees, and costs. The arbitrator specifically noted: "From the outset of this dispute and with no objections from [Ortiz], it was contemplated that Florida law would govern this dispute."

RingCentral later moved the circuit court for entry of a final judgment confirming the arbitration award. On February 7, 2023, over 90 days after service of the final arbitration award, Ortiz answered the motion for confirmation, asserted affirmative defenses, and moved to vacate the arbitration award.

Ortiz removed the action to federal court, but that court remanded the action back to state court. On May 23, 2023, in accordance with extensions of time granted during the federal removal proceedings, RingCentral moved (1) to dismiss Ortiz's motion to vacate as untimely under the Florida Arbitration Code (or "FAC"), and (2) to strike Ortiz's affirmative defenses.

Ortiz countered that his motion to vacate was timely under the deadline set forth in the Federal Arbitration Act (or "FAA"). RingCentral replied, arguing that the Florida Arbitration Code's 90-day deadline was applicable and was not preempted by federal law.

Following a hearing, the trial court entered a final judgment confirming the arbitration award, dismissing Ortiz's motion to vacate as untimely filed, and determining that RingCentral's motion to strike Ortiz's affirmative defenses was moot. The court ruled that the Florida Arbitration Code's deadline applied "[b]ecause application of the FAC deadline does not frustrate the purposes and objectives of the Federal Arbitration Act." Additionally, the court highlighted the arbitrator's finding that "the substantive and procedural law of Florida applies to this dispute," based on both the agreement and the parties' confirmation of this understanding during the arbitration proceedings. This appeal followed.

### Discussion

On appeal, Ortiz argues that (1) the trial court erred in applying the Florida Arbitration Code's 90-day deadline to move to vacate an arbitration award because it is preempted by the Federal Arbitration Act's longer deadline, (2) the motion to vacate was timely under the applicable federal law, and (3) the trial court erred in striking his affirmative defenses and entering judgment in favor of RingCentral.

2

The FAA "establishes a liberal federal policy favoring arbitration agreements." *McKenzie Check Advance of Fla., LLC v. Betts*, 112 So. 3d 1176, 1180–81 (Fla. 2013). "In Florida, an arbitration clause in a contract involving interstate commerce[1] is subject to the Florida Arbitration Code (FAC), to the extent the FAC is not in conflict with the FAA." *Shotts v. OP Winter Haven, Inc.*, 86 So. 3d 456, 463–64 (Fla. 2011). "The FAA contains no express pre-emptive provision, nor does it reflect a congressional intent to occupy the entire field of arbitration." *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 477 (1989).

But even when Congress has not completely displaced state regulation in a field, state law may nonetheless be preempted to the extent that it "actually conflicts" with federal law. *Id.* Thus, the test for preemption of a state arbitration provision is whether the state law would conflict with or "undermine the goals and policies of the FAA." *Id.* at 478.

Several courts have concluded that the FAA does not preempt state procedural rules that provide for different deadlines than the FAA for filing a motion to vacate an arbitration award. *See, e.g.*, *Moscatiello v. Hilliard*, 939 A.2d 325, 329 (Pa. 2007); *New England Utils. v. Hydro-Quebec*, 10 F. Supp. 2d 53, 59 (D. Mass. 1998). As the United States Supreme Court has explained, "[t]here is no federal policy favoring arbitration under a certain set of procedural rules; the federal policy is simply to ensure the enforceability, according to their terms, of private agreements to arbitrate." *Volt*, 489 U.S. at 476. Likewise, "a state statute is not preempted by the FAA where the parties have agreed that their agreement will be governed by state law." *Franks v. Bowers*, 116 So. 3d 1240, 1250 (Fla. 2013).

Although the FAA has a three-month deadline for filing a motion to vacate an arbitration award,[2] the Florida Arbitration Code states that a motion to vacate "must be filed within 90 days after the movant receives notice of the award . . . unless the movant alleges that the award was procured by corruption, fraud, or other undue means[.]" § 682.13(2), Fla. Stat. (2022). If one of these statutory exceptions applies, "the motion must be made within 90 days after the ground is known or by the exercise of reasonable care would have been known by the movant." *Id.* "The language of section 682.12 is mandatory—the court must confirm the arbitration award unless a motion to vacate or modify has been filed within

---

[1] Neither of the parties contends that this case does not involve interstate commerce.

[2] *See* 9 U.S.C. § 12 (2022).

3

ninety days of delivery of the award." *SEIU Fla. Pub. Servs. Union, CTW, CLC (FPSU) v. City of Boynton Beach*, 89 So. 3d 960, 961 (Fla. 4th DCA 2012).

Here, the trial court correctly confirmed the arbitration award in favor of RingCentral, as Ortiz failed to timely file a motion to vacate within 90 days after receiving notice of the award as required by the Florida Arbitration Code. The lower court properly concluded that Florida law governed the time limit for moving to vacate the award.

The FAA does not preempt the Florida Arbitration Code's 90-day deadline for filing a motion to vacate an arbitration award. Ortiz's argument that a conflict exists between the FAC's 90-day deadline and the FAA's three-month deadline is unpersuasive. Conflict preemption applies only if enforcing the state law would undermine the FAA's goals and policies. For example, FAA preemption of Florida law would apply where the application of state law would hinder the enforceability of arbitration agreements. Here, however, the FAC's 90-day deadline does not stand as an obstacle to the accomplishment of any policy underlying the FAA. A different procedural time limit under Florida law for filing a motion to vacate an arbitration award does not interfere with the federal policy favoring enforcement of arbitration agreements.

Because the FAA does not preempt Florida's 90-day filing deadline, Ortiz's motion to vacate—filed over 90 days after he received notice of the award—was untimely.[3] Florida law mandates court confirmation of an arbitration award unless a motion to vacate is filed within 90 days of receiving notice of the award. In this case, Ortiz did not timely file his motion to vacate within 90 days of receiving notice of the award, nor has he argued on appeal that his motion to vacate sufficiently alleged a statutory exception under the FAC to this 90-day deadline. Without a timely motion to vacate, the trial court was obligated to confirm the award.

Finally, Ortiz argues that the trial court erred in "striking" his affirmative defenses. But Ortiz's claim that the trial court erred in "striking" his defenses rests on a flawed premise. The trial court never struck Ortiz's affirmative defenses; the court determined that RingCentral's motion to strike the affirmative defenses was moot because

---

[3] Ortiz received notice of the award on Monday, November 7, 2022. The last day of the 90-day period fell on Sunday, February 5, 2023, so the 90-day deadline for any motion to vacate was continued until Monday, February 6, 2023. *See* Fla. R. Gen. Prac. & Jud. Admin. 2.514(a)(1)(C). Ortiz untimely filed his motion to vacate on Tuesday, February 7, 2023, one day after the deadline.

the court was required to confirm the arbitration award absent a timely motion to vacate. The trial court's mootness determination was correct. *See Godwin v. State,* 593 So. 2d 211, 212 (Fla. 1992) (a matter is moot when it presents "no actual controversy or when the issues have ceased to exist").

*Affirmed.*

FORST and ARTAU, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***